UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

**"IN ADMIRALTY"**

CASE NUMBER:

IN THE MATTER OF:

DONALD DEUBLER, as Owner, of a 2021
32' Boston Whaler 320 Vantage Vessel bearing
Hull Identification No.: BWCE0390G021, its
Engines, Tackle, Appurtenances, Equipment, Etc.,
In a cause for Exoneration from or Limitation of Liability.

    Petitioner.
_____/

**PETITION FOR EXONERATION FROM OR
LIMITATION OF LIABILITY**

Petitioner, DONALD DEUBLER (hereinafter "Petitioner"), as the owner of a 2021 32' Boston Whaler 320 Vantage Vessel bearing Hull Identification Number BWCE0390G021, its Engines, Tackle, Appurtenances, Equipment, Etc. (hereinafter the "Vessel"), by and through undersigned counsel, and pursuant to the provisions of 46 USC § 30501 *et seq.*, Rule F of the Supplemental Rules for Admiralty and Maritime Claims and Asset Forfeiture ("Supplemental Admiralty Rule F"), and the applicable local rules of the U.S. District Court for the Middle

CASE NUMBER: _____

District of Florida, hereby respectfully petition this Court for Exoneration from or Limitation of Liability for all claims arising out of an accident that occurred on May 21, 2023, on the navigable waters of the United States in Naples Bay in Naples, Florida, and as grounds therefore allege:

1. This is a case of admiralty and maritime jurisdiction within the meaning of Fed. R. Civ. P. Rule 9(h), 28 U.S.C. § 1333, and U.S. Const. art. III, § 2.

2. This action is brought by Petitioner pursuant to the terms of the Limitation of Liability Act, 46 U.S.C. § 30501 *et seq*. and Supplemental Admiralty Rule F, governing Limitation of Liability Actions.

3. This Court has subject matter jurisdiction of this matter under 28 U.S.C. §§ 1331, 1333, and 46 U.S.C. § 30501 *et seq*.

4. Venue is proper pursuant to Supplemental Rule F (9) because the incident giving rise to potential claims of liability against Petitioner occurred within this Court's jurisdiction and because the Vessel is and remains within this district.

CASE NUMBER: _____

5. The 2021 32' Boston Whaler 320 Vantage Vessel bearing Hull Identification Number BWCE0390G021, its Engines, Tackle, Appurtenances, Equipment, Etc., (the "Vessel") is a seagoing vessel per 46 U.S.C. § 30506(a).

6. At all times material hereto, Petitioner, DONALD DEUBLER, was the registered owner of the Vessel.

7. The events, acts, and circumstances giving rise to this Petition occurred on the navigable waters of the United States in Naples Bay in Naples, Florida, on or about May 21, 2023, while the Vessel was engaged in maritime activity.

8. Petitioner seeks exoneration pursuant to Supplemental Admiralty Rule F (2) and, in the alternative, seeks to claim and invoke the rights, privileges, remedies, and procedures of the Shipowners Limitation of Liability Act, 46 U.S.C. § 30501 *et seq*.

9. At all times material hereto, the Vessel was seaworthy, properly, and efficiently manned, supplied, equipped, and furnished; and well and sufficiently fitted and supplied with suitable machinery, tackle, apparel, and appliances, all in good order and condition and suitable for the use for which it was engaged.

CASE NUMBER: _____

10. At all times material, Petitioner exercised due diligence to make and maintain the Vessel in a condition such that it was fit for its normal and intended use.

11. The Vessel has not been attached or arrested *in rem* in any civil proceeding.

12. On or about May 21, 2023, the Vessel is alleged to have been operated by Petitioner, Donald Deubler, on navigable waters in Naples Bay in Naples, Florida, when the Vessel allegedly created a large wake causing injury to a passenger aboard another vessel (hereinafter the "Incident"). The incident was not caused by the fault or neglect of the Petitioner. Petitioner at all times acted with reasonable care and prudence in the operation and maintenance of the vessel.

13. To Petitioner's knowledge, potential Claimants to this action include: Susan Morris, c/o Kelleher Law, 1100 5th Avenue South, Suite 408, Naples, Florida 34102.

14. After this incident, an attorney at Kelleher Law sent a letter to Petitioner's insurer, Chubb/Ace American Insurance Company, dated June 30, 2023, advising of his representation of Susan Morris in connection with this Incident.

CASE NUMBER: _____

15. This Complaint is filed within six (6) months of Petitioner's receipt of first written notice of a possible claim against him, arising from the subject incident and subject to exoneration from or limitation of liability; therefore, it is timely pursuant to the provisions of Supplemental Rule F.

16. The vessel was not damaged, lost, or abandoned.

17. Pursuant to Supplemental Rule F (2) and 46 U.S.C. § 30501 *et. seq.*, Petitioner seeks exoneration from or limitation of liability for any death, injuries, damages, and losses of whatever description arising out of the aforesaid incident and desires to contest liability in the event claims are made or claimants allege they have valid defenses to the claims on the facts and law.

18. Subject to an appraisal, Petitioner's interest in the Vessel post-casualty does not exceed $386,158.00. The Insurance Policy Declarations Page for the Vessel in effect at the time of the Incident reflects the Agreed Value of the Vessel at $386,158.00. [*See*, Insurance Policy Declarations Page, attached hereto as **Exhibit "1"**]. There was no pending freight at the time of the incident.

CASE NUMBER: _____

19. Subject to any appraisal of its interest upon reference, Petitioner deposits with the Court, as security for the benefit of claimants, a Letter of Undertaking from their insurer in the sum of $386,158.00, plus interest at 6% per annum from May 21, 2023, said sum being the value of the Petitioner's interest in the Vessel following the incident. The Letter of Undertaking is attached hereto as **Exhibit "2"**.

20. The incident described above was not caused or contributed by Petitioner's fault, negligence, or lack of due care.

21. Alternatively, the aforesaid incident was done, occasioned, and incurred without Petitioner's privity or knowledge.

22. Petitioner claims exoneration from or limitation of liability for any and all property damages, personal injuries, and/or death caused by the subject incident involving the Vessel, and for any claims thereof.

23. Any claims arising from the death, injuries, losses, or damages described above were done, occasioned, and incurred entirely without any negligence or other fault on the part of Petitioner, or anyone for whom Petitioner may be legally responsible for, and Petitioner is entitled to exoneration from any liability for any such claims.

CASE NUMBER: _____

24. Petitioner, without admitting but affirmatively denying all liability, claims the benefits of the limitation of liability provided for in 46 U.S.C. § 30501 *et seq.*, and the various statutes supplemented thereto and amended thereof, and to that end, Petitioner has filed with the Court, as security for the benefits of Claimants, a letter of undertaking, with interest and sufficient security, for the amount of the value of his interest in the Vessel, as provided for by Supplemental Rule F and Local Admiralty Rule F.

25. If it later appears that Petitioner may be liable and the amount or value of Petitioner's interest in the Vessel is not sufficient to pay all losses in full, then Claimants shall share *pro rata* in the aforesaid sum, saving Claimants any rights of priority they may have as ordered by this Court, or as provided by the aforesaid statute, or by the Federal Rules of Civil Procedure, Supplemental Rule F and Local Admiralty Rule F.

26. In the event the Court determines there was negligence or other legal fault in the operation and/or use of the Vessel which contributed in any way to any alleged death, injuries, losses, or damages on the part of any person, vessel, or other claims arising from the May

CASE NUMBER: _____

21, 2023 Incident, which negligence or other legal fault is denied by Petitioner, such negligence occurred wholly or in part without the privity or knowledge of Petitioner within the meaning of 46 U.S.C. § 30501 *et seq*.

27. Petitioner believes potential claims arising from this maritime incident may exceed the value of Petitioner's interest in the Vessel and pending freight (of which there was none) on the date of the incident at the end of the voyage.

28. By reason of the facts and circumstances set forth above, Petitioner claims the benefits of the provisions of 46 U.S.C. §30501 *et seq*. and Supplemental Rule F in this proceeding.

29. By reason of the foregoing, if any liability should be adjudged and imposed upon the Vessel, which liability is denied, then Petitioner is entitled to limitation from any such liability pursuant to 46 U.S.C. §30505 *et seq*.

**WHEREFORE PETITIONER, DONALD DEUBLER, RESPECTFULLY REQUESTS:**

A. For an Order:

1. Approving the above-described Letter of Undertaking

CASE NUMBER: _____

filed with the Court by Petitioner, as security for the amount or value of Petitioner's interest in the Vessel until such time the Court causes due appraisement to be made of the amount of the value of Petitioner's interest in the Vessel at the end of the aforesaid voyage; and

2. Directing the issuance of a monition to all persons claiming damages for any and all injuries and losses occasioned, incurred, or resulting from the aforesaid incident on May 21, 2023, directing them to file their claims with the Clerk of Court and to serve on or mail to the attorneys for Petitioner copies thereof on or before the date to be named in said monition, further to appear and answer the allegations of this Petition according to the law and practice of this Court at or before a time certain to be fixed by said monition; and

B. That an injunction shall issue restraining the prosecution of all suits, actions, and proceedings already begun to recover for damages sustained and arising out of, occasioned by or consequent upon the Incident aforesaid, and the commencement or prosecution thereafter of any suit, action or legal proceeding

9

CASE NUMBER: _____

of any nature of description whatsoever, except in the present proceeding, against Petitioner and/or the Vessel in respect of any claim or claims arising out of the Incident on May 21, 2023, above described; and

C. For a Decree adjudging:

    1.    That neither Petitioner nor the Vessel are liable to any extent for any losses, damages, or injuries or for any claim whatsoever, in any way arising out of or in consequence of the aforesaid Incident of May 21, 2023, as above stated;

    2.    Or, if Petitioner shall be adjudicated liable, then that liability be limited to the amount of the value of its interest in the Vessel at the time of the aforesaid Incident described in this Petition, and that any monies decreed to be paid be divided *pro rata* amongst such claimants as may duly prove their claims, saving to all parties any priorities to which they may be legally entitled, and that a decree thereupon be entered discharging Petitioner from any and all further liability; and that Petitioner may have such other and further relief as the justice of the cause may require.

CASE NUMBER: _____

Dated: November 28, 2023

    Respectfully submitted,

**McALPIN TANNER MARCOTTE, P.A.**
*Counsel for Petitioner*
Brickell City Tower
80 S.W. 8th Street, Suite 2805
Miami, Florida 33130
Tel: (305) 810-5400
Fax: (305) 810-5401

By: /s/ *Richard J. McAlpin*
Richard J. McAlpin, Esq.
rmcalpin@mtm-legal.com
Florida Bar No. 438420
Daniel S. Marcotte, Esq.
dmarcotte@mtm-legal.com
Florida Bar No. 52314

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on November 28, 2023 I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.

/s/ *Richard J. McAlpin*
Richard J. McAlpin, Esq.